**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: April 04, 2011**



_____
**RANDOLPH J. HAINES**
U.S. Bankruptcy Judge
_____

**TIFFANY & BOSCO**
P.A.

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

11-06344

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 0:11-BK-05320-RJH |
| Jay J. Murphy | Chapter 7 |
|     Debtor. | ORDER |
| Wells Fargo Bank, N.A. | |
|     Movant, | (Related to Docket #15) |
|     vs. | |
| Jay J. Murphy, Debtor, William E. Pierce, Trustee. | |
|     Respondents. | |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated July 23, 2004 and recorded in the office of the Mohave County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Jay J. Murphy has an interest in, further described as:

> LOTS THIRTY FIVE (35) AND THIRTY SIX (36), BLOCK EIGHTY SEVEN (117). NEW KINGMAN ADDITION UNIT 7. TRACT 1100. ACCORDING TO THE PLAT THEREOF, RECORDED MARCH 10, 1967, AT FEE NO. U22473, IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.